UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERICA BIRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:19CV460-PPS |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Erica Bird appeals the Commissioner of Social Security's denial of her applications for disability insurance benefits and supplemental security income, which was based on a determination that she is not disabled within the meaning of the Social Security Act. Bird was 42 years old on the date (August 13, 2016) when she claims to have become disabled. [AR at 95, 104.][1] Over the years Bird held a series of jobs including as an equipment cleaner, a brake builder and material handler, and in quality control for two different companies. [AR at 30, 32, 33, 52-54.] A Social Security Administrative Law Judge found that Bird has a number of severe impairments: bilateral osteoarthritis in her knees (status post right knee arthroplasty with media meniscectomy); degenerative disc disease of the lumbar spine; chronic pain syndrome; asthma; obesity; sensorimotor/ peripheral neuropathy/nutritional neuropathy

---

[1] The administrative record [AR] is found in the court record at docket entry 8, and consists of a total of 809 pages. I cite to the pages of this AR according to the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

resulting from ethanol abuse; fibromyalgia; mood disorder; depressive disorder; generalized anxiety disorder; post-traumatic stress disorder; and intermittent explosive disorder. [AR at 95.] The ALJ nonetheless concluded that Bird is not disabled because she retains the Residual Functional Capacity to perform sedentary work with specified functional limitations, and is capable of performing work that exists in significant numbers in the national economy. [AR at 98-99, 105.] Bird presents several arguments for reversal of the denial of Social Security benefits.

Judicial review of the Commissioner's decision is deferential. I must affirm it if it is supported by "substantial evidence." 42 U.S.C. §405(g). The Supreme Court has recently explained that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high," repeating its prior observation that substantial evidence is "'more than a mere scintilla'" and only "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

The role of the courts is "extremely limited," and I am "not allowed to displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). In other words, I can't reweigh the evidence or substitute my judgment for that of the ALJ. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). But these standards do not mean that I "will simply rubber-stamp the Commissioner's decision without a critical review of

the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Although I cannot reweigh the evidence found in the administrative record, reversal is required where the ALJ failed to build an "accurate and logical bridge" between the evidence and her conclusions. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015); *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014).

## Adequate Consideration of CPP and Interaction Limitations

Bird's first challenge to the ALJ's decision is that her analysis of Bird's mental health impairment and the omission from the RFC of limitations in concentration, persistence and pace constitute reversible error. [DE 11 at 14-15.] A claimant's Residual Functional Capacity is what she can do despite her limitations. 20 C.F.R. §416.945(a)(1). The RFC included that Bird "can understand, remember and carry out simple instructions and tasks," "can make judgments on simple work related decisions," "can respond appropriately to usual work situations, and she can deal with routine changes in a routine work setting." [AR at 99.] Citing *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014), Bird contends that those limitations are insufficient to capture the ALJ's finding that Bird had a moderate limitation in concentrating, persisting, or maintaining pace. [DE 11 at 16; AR at 98.]

Rather than take a position on how the ALJ *should* have fashioned the RFC—given the findings of moderate limitations in concentration, persistence or pace— Bird merely argues that the ALJ's description was insufficient, relying on *Yurt*. This type of argument is weaker than an argument that spells out what was inadequate about the description of

3

the claimant's limitations. *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none.") In other words, it is not enough to simply say that what the ALJ did was insufficient; the claimant needs to also tell me what the ALJ should have done differently.

In *Yurt*, reversal was required because the ALJ failed to present the vocational expert with the six areas of moderate limitation he found in the claimant's mental functioning, including deficiencies in concentration, persistence and pace. The Seventh Circuit applied its repeated rejection of "the notion that a hypothetical...confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Id*. at 858-59. But since *Yurt*, courts have found RFC's and hypotheticals to be sufficient where they "adequately account for the claimant's demonstrated psychological symptoms," without reliance on generic and over-simplified limitations. *Jozefyk*, 923 F.3d at 498. *See also Saunders v. Saul*, 777 Fed.Appx. 821, 825-26 (7th Cir. 2019).

Here, the ALJ avoided such over-simplification by detailing the limits of Bird's abilities to understand and carry out instructions and tasks, her limits on decision-making, and her ability to cope with routine work situations and changes in the work setting. [AR at 99.] Although Bird challenges these as "insufficient under the *Yurt* standard," the argument is conclusory and unpersuasive. [DE 11 at 16.] A judicial reviewer accepts an ALJ's hypothetical where its formulation describing limitations in

4

concentration, persistence or pace, in whatever words, succeeds in "'specifically exclud[ing] those tasks that someone with claimant's limitations would be unable to perform.'" *Saunders*, 777 Fed.Appx. at 825, quoting *O'Connor-Spinner v. Astrue*, 627 F.3d , 519 (7th Cir. 2010). Bird does not show that the ALJ's formulation of the RFC failed to meet these requirements in describing her limitations in concentration, persistence and pace.

### Logical Bridge to RFC Given BMI and Orthopedic Impairments
and
### ALJ's Weighing of Dr. Frazier's Treating Opinion

Next Bird challenges, by two different analytical routes, the ALJ's RFC determinations that Bird is capable of stooping occasionally and of sitting 6 out of 8 hours in a workday. Bird's first argument is long on hyperbole, but short on substance. She argues these conclusions are "absurd and illogical" in view of her size (5'6" tall and 278 pounds) and her orthopedic and pain impairments. Bird's counsel argues that it "defies logic" that a person such as Bird "could stoop up to one third, i.e. 2 hours and 40 minutes of an 8-hour workday." [DE 11 at 18.] This is a strawman argument and the Seventh Circuit has told these same counsel so: "'[o]ccasionally,' though, does not mean that he must be able to balance for two hours and forty minutes as [claimant] suggests." *Stephens v. Berryhill*, 888 F.3d 323, 329 (7th Cir. 2018). Instead, "[o]ccasionally' means occurring from very little up to one-third of the time...." *Id*.

On the other hand, Bird's challenge based on evidence, rather than rhetoric and common-sense "logic," is more successful. This final challenge relates to how the ALJ

5

handled Bird's treating physician, Dr. Frazier. Dr. Frazier completed an RFC Physical Assessment in February 2017, in which he concluded Bird could never stoop, could sit less than 6 hours in an 8-hour work day and "must periodically alternate sitting and standing to relieve pain or discomfort." [AR at 549, 548.] Dr. Frazier's explanation for the sit/stand option was that "sitting for too long will increase back stiffness." [AR at 548.] Bird also testified that she experiences significant back pain if she sits too long, and that sitting causes uncomfortable numbness in her legs. [AR at 43, 29.] Indeed, during the hearing itself, Bird asked the ALJ if she could stand for a while because of the discomfort she was experiencing from being seated for an extended period of time. [A.R. 43.]

The ALJ's decision acknowledges Dr. Frazier's opinion that Bird requires a sit/stand option. [AR at 102.] The ALJ gave Dr. Frazier's assessment "partial weight," with the explanation that "subsequent evidence concerning the claimant's bilateral knee osteoarthritis, severe polyneuropathy and use of a cane for ambulation supports *greater* exertional limitations to the sedentary level of exertion." [AR at 102-03 (emphasis added).] This indicates that the ALJ believed that her RFC determination was actually *more* limited overall than Dr. Frazier's assessment of Bird's abilities. And yet the RFC does not contain a sit/stand option, and the ALJ's decision does not explain why. The ALJ's explanation is at odds with the *lesser* functional limitations that the ALJ actually assigned to Bird in the RFC, which allowed for sedentary work with no limitations on sitting (or standing) during an 8-hour work day. [AR at 98.] This confusion

6

demonstrates the lack of the necessary "logical bridge" between the evidence and the ALJ's findings, as well as reversible error in the ALJ's consideration of a treating source's medical opinion.

A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). *See also Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018). The ALJ included among Bird's severe impairments osteoarthritis in both knees, degenerative disc disease of the lumbar spine, chronic pain syndrome, obesity, sensorimotor/peripheral neuropathy, and fibromyalgia, all of which are consistent with Dr. Frazier's and Bird's explanations of her inability to sit or stand for an extended period. [AR at 95.] An ALJ who discounts a treating physician's opinion must provide "good reasons" to explain the weight given to the opinion, and support those reasons with substantial evidence in the record. SSR 96-2p at *5, 1996 WL 374188 (July 2, 1996). *See also Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). "An inadequate evaluation of a treating physician's opinion requires remand." *Cullinan v. Berryhill*, 878 F.3d 598, 605 (7th Cir. 2017).

In sum, the ALJ provided no reasons for discounting Dr. Frazier's opinion on the sit/stand option and not including it in the RFC. Confusingly, this was done even though the ALJ's decision suggests that she found Bird *more limited* in function than even Dr. Frazier's assessment. This needs clarifying on remand. It may be that that

sit/stand option will not make any difference in jobs available to Bird in the national economy. But that question will need to be answered by a Vocational Expert on remand. For now, the ALJ's decision cannot stand because it lacks adequate discussion and explanation of the RFC determination in view of the medical evidence and the treating physician's opinion.

## Conclusion

My role is not to determine from scratch whether or not Bird is disabled and entitled to benefits. Instead, my review of the ALJ's findings is deferential, to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d at 310; *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). But because the ALJ failed to adequately explain the weight she gave to Dr. Frazier's opinion, and so failed to create a logical bridge between the evidence and the RFC that determined her disability determination, substantial evidence does not support the Commissioner's conclusion that Bird is not disabled. The Commissioner's final decision must be reversed.

ACCORDINGLY:

The defendant-Commissioner's final decision denying plaintiff Erica Bird's application for disability insurance benefits or supplemental security income is REVERSED and the matter is remanded to the Commissioner for further consideration consistent with this opinion.

The Clerk shall enter judgment in favor of plaintiff Erica Bird and against defendant Commissioner.

ENTERED: November 12, 2020.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT