UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERICA BIRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No. 1:19CV460-PPS |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This closed Social Security disability appeal is before me on the motion of plaintiff's counsel for an attorney's fee pursuant to 42 U.S.C. §406(b)(1).  [DE 18.] Erica Bird filed applications for disability insurance benefits and supplemental security income benefits in November 2014.  Following an unfavorable decision by an Administrative Law Judge, the Appeals Council denied her request for review.  Bird filed her complaint in this Court pursuant to 42 U.S.C. § 405(g) on October 29, 2019. On November 12, 2020, I reversed the Commissioner's final decision denying Bird benefits, remanding the case back to the Social Security Administration for further proceedings.  [DE 13.]  On February 22, 2021, I granted an order awarding plaintiff's counsel attorney fees in the amount of $3,125.70 pursuant to the Equal Access to Justice Act ("EAJA").  [DE 17.]

On remand, Bird has been found disabled and awarded past-due benefits in the total amount of $50,350, the sum of $33,089 in adult benefits and $17,261 in child

benefits. [DE 18-5 at 1-2, DE 18-6 at 1-2.] Section 406(b)(1)(A) authorizes the district court, after a judgment favorable to the social security claimant, to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Of the past-due benefits awarded, 25% or a total of $12,587.50 represents potential payment of attorney's fees to Bird's counsel. [*Id.* at 3.] Counsel seeks a fee in the amount of the full 25% of the past-due benefits. In response, the Commissioner states that she has no objection to an award of the full amount of permissible fees. [DE 19 at 1.]

      I conclude that a full 25% contingency fee is reasonably awarded. First, I note that claimant Bird entered into a Social Security contingent Fee Contract for representation in this court, in which Bird agreed to a contingent fee of up to 25% of whatever past-due benefits she would be awarded as a result of counsel's representation. [DE 18-1, ¶2(C).] So Bird was fully aware of the potential for such a fee and agreed to that possibility.

      Second, I believe that, absent extraordinary circumstances, a reasonable contingency fee for representation in social security appeals should be awarded in successful cases. Contingency fees acknowledge and reward the substantial risk counsel face in undertaking this kind of case. The availability of contingency fee arrangements offer several societal benefits, by encouraging attorneys to represent claimants in social security appeals and enabling claimants unable to pay an hourly

2

fee to obtain counsel.  Even though the hourly rate represented by the full 25% contingency fee seems like it might be excessive if viewed in isolation, I agree with Justice Burger's analysis:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate.  The difference, however, reflects the time-value of money and the risk of nonrecovery usually borne by clients in cases where lawyers are paid an hourly rate.

*Hensley v. Eckerhart*, 461 U.S. 424, 448-449 (1983) (Burger, J., concurring); *see also Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363546, at *2, *4 (S.D. Ind. Feb. 11, 2009) (approving hourly rate of approximately $800 in a social security case).

Counsel's performance has resulted in a substantial award of past-due benefits, as well as secured for the client ongoing disability benefits and health care benefits, all as a result of counsel's work on her behalf.  I will approve the requested 25% fee award.  Counsel asks for approval of a net fee award, reflecting the EAJA fee he has previously received. Performing that bit of accounting, I will approve an award of attorneys fees to plaintiff Bird's counsel in the amount of $9,461.80, the balance of the full 25% fee of $12,587.50 after subtracting the previously approved EAJA fee of $3,125.70.

**ACCORDINGLY:**

The motion for an award of attorney fees under 42 U.S.C. §406(b) [DE 18] is GRANTED.

Attorneys Forbes Rodman P.C. are awarded net attorney's fees in the amount of $9,461.80, representing the balance of 25% of plaintiff Bird's past-due benefits, for representation of Erica Bird before the court in this matter, payable directly to counsel from the amount withheld by the Commissioner of Social Security from Bird's past-due benefits.

SO ORDERED.

ENTERED:  July 22, 2022.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT